UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO TRUST BANK, an Idaho corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>BANCINSURE, INC., an Oklahoma corporation; CONTINENTAL CASUALTY COMPANY, an Illinois corporation,<br><br>　　Defendants. | Case No.: 1:12-cv-00032-REB<br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO LIFT STAY AND FOR ENTRY OF PRELIMINARY INJUNCTION**<br><br>**(Dkt. 216)** |

Pending is Plaintiff's Motion to Lift Stay and for Entry of Preliminary Injunction (Dkt. 216). The Court has carefully considered the record and reviewed the briefing and affidavits submitted in connection with this motion. The Court also conducted a hearing on this motion on September 21, 2017. Being fully advised, the Court enters the following Memorandum Decision and Order:

## I. BACKGROUND

Plaintiff Idaho Trust Bank ("Idaho Trust") alleges that Defendants Continental Casualty Company ("CNA") and BancInsure, Inc. ("BancInsure") were required, but failed, to fully indemnify and defend Idaho Trust from claims made against Idaho Trust by Inland Storage, Inc. and James Hutchens. The case began in the Fourth Judicial District of the State of Idaho, in and for the County of Ada, on December 23, 2011 (Dkt. 1-1). BancInsure removed the case to this federal court on January 24, 2012 (Dkt. 1). Defendant CNA was dismissed with prejudice by stipulation on July 1, 2013 (Dkts. 81, 86).

**MEMORANDUM DECISION AND ORDER - 1**

Subsequently, this Court denied BancInsure's motion for summary judgment and granted Idaho Trust's motion for summary judgment. The effect of those rulings was to to establish liability but not damages with respect to Idaho Trust's claims against BancInsure. (Dkts. 95, 98, 132). A two-day trial on damages was set for September 2, 2014. (Dkt. 139). Then, less than a month before trial, BancInsure moved for a temporary stay of this action and filed notice here that an Oklahoma state court had placed it into liquidation and appointed a receiver. (Dkt. 152). Reluctantly, the Court granted the initial motion to stay (Dkt. 173) and the damages trial was vacated. (Dkt. 176). Subsequent motions to continue the stay have been granted, such that this case has been stayed since August of 2014 – now well over three years ago. (Dkts. 176, 183, 196, 200, 211).

In 2015, Idaho Insurance Guaranty Association ("IIGA") was permitted to intervene in this case after its motion to substitute as defendant for BancInsure was denied. (Dkts. 180, 193).

Idaho Trust now moves to lift the stay and for entry of a preliminary injunction barring BancInsure's Receiver from seeking to readjudicate Idaho Trust's claims in the Oklahoma receivership proceeding. (Dkt. 216). Its primary basis for this motion is that, despite this Court's Memorandum Decision and Order granting summary judgment against BancInsure on its liability to Idaho Trust, the Receiver has recommended in the Oklahoma liquidation proceeding that BancInsure have no liability to Idaho Trust on the proofs of claim that correspond to the causes of action raised here. (Dkts. 216, 216-1, 223). Through the Receiver, BancInsure opposes the motion and defends its right and duty to make recommendations in the receivership proceeding as to filed claims. (Dkt. 224). IIGA likewise opposes the motion. (Dkt. 225).

**MEMORANDUM DECISION AND ORDER - 2**

## II. DISCUSSION

A. <u>Idaho Trust's Motion for Preliminary Injunction Is Denied.</u>

At issue here is whether this Court is authorized to enjoin the BancInsure Receiver from pursuing a particular legal strategy in the Oklahoma receivership proceeding. Although federal courts have the power to issue preliminary injunctions under appropriate circumstances (FED. R. CIV. P. 65; *see also* 28 U.S.C. § 636(c)(1)), in cases such as this one the authority is largely limited by the Anti-Injunction Act, 28 U.S.C. § 2283. The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The prohibition of the Act "cannot be evaded by addressing the order to the parties" instead of to the state court itself. *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). "Ordering the parties not to proceed is tantamount to enjoining the proceedings." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002).

The exception to the Act permitting a federal court to enjoin state court proceedings to "protect or effectuate its judgments" is known as the relitigation exception. *Blalock Eddy Ranch v. MCI Telecomms. Corp.*, 982 F.2d 371, 375 (9th Cir. 1992). This exception is "designed to implement well-recognized concepts of claim and issue preclusion." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quotation marks and citation omitted). It is "narrow and [is] not to be enlarged by loose statutory construction." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988) (quotation marks and citation omitted). "Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court. . . . So issuing an injunction under the relitigation exception is resorting to heavy artillery." *Smith*, 564 U.S. at 307.

**MEMORANDUM DECISION AND ORDER - 3**

The relitigation exception applies where there is the possibility of a conflict between a state court judgment and a prior federal judgment. *Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010). But a conflict can only exist if the federal court has decided the claims or issues presented in the subsequent state action. *Id.* (citing *Blalock*, 982 F.2d at 376); *see also Smith*, 564 U.S. at 306. Even so, however, "if no actual conflict is possible, [an] injunction could still be proper if res judicata would bar the state court proceedings." *Blalock*, 982 F.2d at 375. "Res judicata applies when there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Montana v. BNSF Ry. Co.*, 623 F.3d at 1316 (quoting *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

Finally, "the fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." *Chick Kam Choo*, 486 U.S. at 151. Moreover, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co.*, 398 U.S. at 297. "[A]n injunction can issue only if preclusion is clear beyond peradventure." *Smith*, 564 U.S. at 308.

Here, Idaho Trust seeks a preliminary injunction prohibiting the Receiver from seeking to adjudicate Idaho Trust's claims in the Oklahoma receivership proceeding, on the grounds that the Receiver has recommended denial of the claims in that forum despite this Court's prior order on summary judgment establishing liability on the very same claims. Mem. in Supp. of Mot. to Lift Stay and for Entry of Prelim. Inj. 1–2 (Dkt. 216-1). Idaho Trust contends that by recommending denial in the Oklahoma receivership proceeding, the Receiver is violating Idaho

**MEMORANDUM DECISION AND ORDER - 4**

and Oklahoma statutes and ignoring the same principles of comity upon which this Court relied in staying the case until now. *Id.* at 2. It further argues that

> [t]he Receiver sought to stay this action short of final judgment purportedly to let the Oklahoma court sort out the payment of Idaho Trust's damages from the BancInsure estate. The Receiver apparently had no intention to do that. Instead, after two years of delay, the Receiver gave Idaho Trust's claims a *de novo* review as if none of the events that took place in this lawsuit ever happened. The Receiver apparently intends to proceed to judgment in Oklahoma with the goal of wiping out the rights that Idaho Trust obtained (and the liability that BancInsure incurred) through the Court's Decision and Order.

*Id.* at 11. Idaho Trust describes the Receiver as acting with a "lack of candor." Pl.'s Supplemental Mem. in Supp. of Motion to Lift Stay and for Entry of Prelim. Inj. 1 (Dkt. 223).

The Receiver's chief argument opposing entry of a preliminary injunction is that the Anti-Injunction Act prohibits such an injunction. BancInsure's Resp. to Idaho Trust Bank's Mot. to Lift Stay and for Entry of Prelim. Inj. 15–16 (Dkt. 224). It asserts that "because the partial summary judgment entered by this Court was not a final judgment, the exception in 28 U.S.C. § 2283 of 'protect[ing]' or 'effectuat[ing]' a federal 'judgment[]' is inapplicable." *Id.* at 16. It also argues that an injunction here would be inconsistent with the Uniform Insurer's Liquidation Act as enacted by both Idaho and Oklahoma. *Id.*

Here, this Court's prior summary judgment decision was not a "judgment" for purposes of the relitigation exception to the Anti-Injunction Act because it was not a final judgment. Idaho Trust cites authority for the proposition that a judgment need not be final for the relitigation exception to apply. Pl.'s Reply in Supp. of Mot. to Lift Stay and for Entry of Prelim. Inj. 8 (Dkt. 228) (citing Moore's Federal Practice - Civil § 121.08 (2017) and *Sperry Rand Corp. v. Rothlein*, 288 F.2d 245, 248–249 (2d Cir. 1961)). However, such authorities do not suggest that the relitigation exception can apply in circumstances where the party against whom judgment was entered had no opportunity to appeal the order. Idaho Trust has not cited, and the

**MEMORANDUM DECISION AND ORDER - 5**

Court has not found, any instance where the relitigation exception to the Anti-Injunction Act applied to an order that was neither an interlocutory order nor a final judgment. Thus, there is no potential conflict between this Court's summary judgment order and any order that might be entered in the Oklahoma liquidation proceeding because BancInsure had no opportunity to appeal the summary judgment order here and that order was not final. For the same reason, the relitigation exception may not be invoked on the basis of res judicata – absent a final judgment, res judicata simply cannot apply.

The legal moat of the Anti-Injunction Act applies to these circumstances, and therefore the Court concludes that it cannot enjoin the Oklahoma proceedings. Nonetheless, the Court is concerned by the underlying details of this case that give rise to Idaho Trust's argument that the Receiver engaged in "gamesmanship" by successfully arguing for a stay here to prevent the adverse summary judgment ruling from becoming final, while simultaneously seeking to have *BancInsure's liability relitigated* in the Oklahoma liquidation proceedings. The Court asked BancInsure's counsel during the hearing whether counsel had disclosed to this Court that BancInsure would be asking the Oklahoma Receiver to rule (or, whether it was anticipated that the Oklahoma Receiver on its own would be separately ruling) upon whether BancInsure was liable to Idaho Trust, as distinct from only considering the amount and priority of that liability. (This Court, as was obviously known to BancInsure at the time the stay was requested, had already ruled that BancInsure was liable to Idaho Trust. All that remained was the question of whether Idaho Trust had suffered damages and if so, the amount of such damages.)

In the oral and written responses to that inquiry, BancInsure provided an oblique, at best, reference to the possibility of such a disclosure. Certainly, there was nothing in the nature of a direct statement on the subject. If such a possibility had been made clear to this Court (regardless

**MEMORANDUM DECISION AND ORDER - 6**

of whether such a possibility was an intended, or incidental, product of the stay of the Idaho proceedings that was being requested), it is unlikely that this Court would have agreed to stay these proceedings. The circumstances are inescapably troubling.

B. Idaho Trust's Motion to Lift Stay Is Denied as to BancInsure.

Idaho Trust moves both to lift the stay and for entry of preliminary injunction. (Dkt. 216). Because its motion for entry of preliminary injunction is denied, the status of the case here otherwise remains unchanged from the holding pattern it has been in since August 2014. Notwithstanding the troubling implications of the possible reasons for seeking the stay, the same reasoning that justified staying the case then remains valid now. Accordingly, absent a persuasive reason to lift the stay as to BancInsure, that aspect of Idaho Trust's motion is denied.

C. Idaho Trust's Motion to Lift Stay Is Granted as to IIGA.

Finally, Idaho Trust also moves to lift the stay as to intervenor IIGA.[1] (Dkt. 216). Idaho Trust seeks to obtain a final judgment against IIGA in this proceeding, which it hopes will bind the Receiver in the Oklahoma liquidation proceeding. It asserts that "[a] ruling against IIGA will be binding on the Receiver." Plaintiff's Supp. Mem. in Supp. of Mot. to Lift Stay and for Entry of Prelim. Inj. 13 (Dkt. 223). It also seeks the stay be lifted as to IIGA because it contends a ruling against IIGA here would prevent IIGA from relying on any contrary ruling that might be

---

[1] Idaho Trust's motion generically seeks "an order lifting the stay"; it "moves this Court to lift the current stay in this matter." Plaintiff's Mot. to Lift Stay and for Entry of Prelim. Inj. 1, 2 (Dkt. 216). Although the motion itself did not expressly seek the stay be lifted separately as to BancInsure and IIGA, Idaho Trust clarified its intent both in a supplemental memorandum filed prior to any response briefs and during the hearing on the instant motion. Plaintiff's Supp. Mem. in Supp. of Mot. to Lift Stay and for Entry of Prelim. Inj. 13 (Dkt. 223) ("The Court can . . . lift[] the stay and allow[] Idaho Trust to proceed on claims against the intervenor IIGA. . . . Idaho Trust requests the Court lift the stay and allow Idaho Trust to proceed against the Receiver and IIGA."). Therefore, the Court will address the issue.

**MEMORANDUM DECISION AND ORDER - 7**

entered in the Oklahoma liquidation proceeding. Plaintiff's Reply to IIGA's Resp. to Mot. to Lift Stay and for Entry of Prelim. Inj. 2 (Dkt. 229).

IIGA opposes Idaho Trust's motion and disputes the effect a ruling against it here would have as to BancInsure in the Oklahoma liquidation proceeding. IIGA's Resp. to Idaho Trust Bank's Mot. to Lift Stay and for Entry of Prelim. Inj. (Dkt. 225). The Court need not, and does not, resolve that particular dispute at this time.

However, Oklahoma law appears to require the insolvency court to defer to this Court's determination about IIGA's liability:

> The determination of any dispute with respect to the statutory obligations of any guaranty association by a court or administrative agency or body with jurisdiction in the state of domicile of the guaranty association shall be binding and conclusive as to the parties in a delinquency proceeding initiated in the district court, including, without limitation, the policyholders of the insurer.

36 Okla. Stat. § 1902(E). Moreover, and as IIGA acknowledges, "UILA expressly excludes claim litigation against guaranty associations from the jurisdiction of the receivership action." IIGA's Resp. to Idaho Trust Bank's Mot. to Lift Stay and for Entry of Prelim. Inj. 4 n. 1 (Dkt. 225) (quoting 36 Okla. Stat. § 1902(D): "Notwithstanding any other provision in this article, this section shall not confer jurisdiction on the district court to resolve coverage disputes between guaranty associations and those asserting claims against an association . . .").

Lifting the stay as to IIGA might be perceived as creating the possibility of inconsistent judgments. But that possibility already exists, and has been looming over this case at least since the Receiver recommended a denial of Idaho Trust's claims in the Oklahoma liquidation proceeding, despite this Court's prior summary judgment order holding BancInsure liable to Idaho Trust. Lifting the stay does not exacerbate the risk of inconsistent judgments, and, if Idaho Trust is correct that a binding ruling on IIGA here will have preclusive effect against

**MEMORANDUM DECISION AND ORDER - 8**

BancInsure in the Oklahoma liquidation proceeding, moving forward here against IIGA may in fact *reduce* the likelihood of inconsistent judgments. Accordingly, the Court will lift the stay as to IIGA.

The Court will issue a separate order setting a scheduling conference to discuss and calendar further proceedings and deadlines on the Idaho Trust claims against IIGA.

### III. ORDER

Based on the foregoing, Plaintiff's Motion to Lift Stay and for Entry of Preliminary Injunction (Dkt. 216) is DENIED in part and GRANTED in part as follows:

(1)　Plaintiff's Motion for Entry of Preliminary Injunction is DENIED;

(2)　Plaintiff's Motion to Lift Stay as against BancInsure is DENIED; and

(3)　Plaintiff's Motion to Lift Stay as against IIGA is GRANTED.

DATED: **February 16, 2018**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge